Alicia Kennon (State Bar No. 240569)
akennon@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
1401 Willow Pass Road
Suite 700
Concord, CA 94520w
Phone: 925-222-3400 ♦ Fax: 925-356-8250

Attorney for Defendant, LIFELONG MEDICAL CARE, a California corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE LIFELONG MEDICAL CARE DATA BREACH LITIGATION | Case No. 4:24-cv-340<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, 1442 AND 42 U.S.C. § 233(1)(2)**<br><br>**[FEDERAL QUESTION JURISDICTION/FEDERAL DEFENDANT]**<br><br>Superior Court Case No.: RG21113030 (Alameda County) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § § 1331, 1142 and 42 U.S.C. §233(1)(2), and on the grounds set forth below, Defendant, LIFELONG MEDICAL CARE ("LifeLong") hereby removes the above-captioned action, *In Re LifeLong Medical Care Data Breach Litigation,* Case No. RG21113030, from the Superior Court of the State of California for the County of Alameda to this Court. The factual bases in support of this Notice of Removal are set forth in further detail below.

## I. PROCEDURAL BACKGROUND

1. On December 23, 2022, Plaintiff Noem Margolies ("Plaintiff") filed in the Superior Court of the State of California for the County of Alameda (the "Superior Court") a First Amended Consolidated Complaint (the "Complaint") against Defendant, LifeLong, alleging violations of the California Consumer Privacy Act of 2018, Civil Code §§ 1798.100, et seq.; California Confidentiality of Medical Information Act ("CMIA"), Civil Code §§ 56, et seq.; and California Unfair Competition Law, Bus. & Prof. Code §§ 17200, et seq.; as well as causes of action for breach of contract and negligence. The Complaint, which names only LifeLong, as a defendant, alleges the foregoing causes of action based on a data security incident that occurred in November 2020 at Netgain Technology, Inc., a cloud hosting and information technology vendor who provided such services to LifeLong. A copy of the Complaint, along with its accompanying exhibits, is attached hereto as **Exhibit 1** (the "Removed Action").

2. On March 10, 2023, an Answer to the Complaint was also filed. A copy of the Answer is attached hereto as **Exhibit 2**.

3. On March 10, 2023, LifeLong submitted notice (the "Notice Letter") to HHS pursuant to 42 U.S.C. § 233(1) and 28 C.F.R. § 15.2 requesting substitution pursuant 42 U.S.C. § 233(g) on grounds that LifeLong is a federal grant recipient (Grant No. H80CS00808) (the "Grant") and a "deemed entity" pursuant to 42 U.S.C. § 233(g). A copy of the Notice Letter is attached hereto as **Exhibit 3.** A copy of the HHS Notice of Deeming Action dated August 26, 2019 for a coverage period of January 1, 2020 through December 31, 2020, and the HHS Notice of Deeming Action dated September 18, 2020 for a coverage period of January 1, 2021 through December 31, 2021 is attached hereto as **Exhibit 4**.

4. On March 27, 2023, the United States Attorney General for the Northern District of California, acting pursuant to 42 U.S.C. § 233(1)(1), appeared and advised the Superior Court that, having been recently notified of the suit, the United Stated had not yet determined whether LifeLong was deemed to be a Public Health Service employer for purposes of the alleged acts or omissions giving rise to the suit. A copy is attached hereto as **Exhibit 5**.

5. The United States Attorney advised the Superior Court on December 21, 2023 that it

had determined that LifeLong was deemed not a Public Health Service employee for purposes of the alleged acts or omissions giving rise to this suit and that the United States will not intervene in this action nor move to substitute itself in LifeLong's stead as a party defendant. A copy is attached hereto as **Exhibit 6**.

6. LifeLong is a non-profit corporation based in California, with fourteen (14) community health centers that act as safety net providers of medical, dental, and behavioral health services to communities in and around the San Francisco Bay Area[1].

## II.   VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Northern District of California embraces the state court in the County of Alameda, California, in which Plaintiff filed his state court Complaint.

8. Specifically, venue in the San Francisco or Oakland Division of the Northern District of California is proper pursuant to Local Rule 3-2(d).

## III.   FEDERAL QUESTION JURISDICTION

9. Federal district courts have subject-matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1. A suit filed in state court may be removed to federal court pursuant to 28 U.S.C. § 1441(a) where the District Court would have original jurisdiction over the matter. Federal courts have original jurisdiction where an action arises under federal law. 28 U.S.C. § 1331.

A.   **FSHCAA Deemed Entity: 42 U.S.C. § 233**

1.   *Federal Tort Claims Act*

10. A federal district court has original jurisdiction over claims arising under the Federal Torts Claims Act ("FTCA"). *McDaniel v. Mylan Inc.*, Case No. 7:19-cv-00209-LSC, 2019 WL 1989234, at *3 (N.D. Ala. May 6, 2019). The Federally Supported Health Centers Assistance Act of 1992 (FSHCCA), 42 U.S.C. § 233(g)-(n), amended the Public Health Services Act ("PHSA"), 42 U.S.C. § 201 *et seq,* to provide that the FTCA is the exclusive remedy for all personal injury claims

---

[1] *See* https://lifelongmedical.org/about-us/

brought against Deemed Entities and their employees, officers, board members, etc. *Rosenblatt v. St. John's Episcopal Hosp.*, Case No. 11-CV-1106 (ERK) (CLP), 2012 WL 294518, at *4 (E.D.N.Y. Jan. 31, 2012).

11. "Specifically, the FSHCAA 'created a process by which "public and nonprofit private entities" receiving federal funds pursuant to 42 U.S.C. § 254b(c)(1)(A) "shall be deemed to be [employees] of the Public Health Service." 42 U.S.C. § 233(g)(1)(A).'" *Friedenberg v. Lane Cnty.*, Case No. 6:18-cv-00177-JR, 2018 WL 11352363, at *2 (D. Ore. May 23, 2018) (*quoting Lomando v. United States*, 667 F.3d 363, 371 (3d Cir. 2011)). Under § 233(a), the FTCA remedy applies to "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . ." 42 U.S.C. § 233(a). An "'entity receiving Federal funds under [42 U.S.C. § 254(b)]'" is deemed to be a PHS employee for purposes of such claims. *Rosenblatt*, 2012 WL 294518, at 4 (*quoting* 42 U.S.C. § 233(g)(4)). "[A]ny officer, governing board member, or employee of such an entity" is also included. 42 U.S.C. § 233(g)(1)(A). Claims concerning conduct or activities committed by deemed PHS employees while acting within the scope of their employment are covered by the FSHCAA. *Rosenblatt*, 2012 WL 294518, at *4 (*citing* 42 U.S.C. § 233(a)).

12. Accordingly, "both federally supported community health centers and their employees . . . are immunized from tort claims arising from medical care (within the course and scope of their employment), in that such claims can only be brought against the United States under the FTCA." *Huynh v. Sutter Health*, Case No. 2:20-cv-1757-MCE-CKD, 2021 WL 2268889, at *2 (E.D. Cal. June 3, 2021) (citing 42 U.S.C. § 233(a)). This immunity is absolute. See *Hui v. Castaneda*, 559 U.S. 799, 806 (2010) ("Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct.")).

### 2. FSHCAA "Deeming" Protection via HHS

13. "'Pursuant to 42 U.S.C. § 233(g), HHS is authorized to "deem" federally funded health centers to be employees of the Public Health Service' and '[a]ny suit filed against an entity so deemed must be asserted pursuant to the FTCA.'" *Rosenblatt*, 2012 WL 294518, at *4 (quoting

*A.Q.C. ex rel. Castillo v. Bronx–Lebanon Hosp. Ctr.*, No. 11 Civ. 2656, 2012 WL 170902, at *3 (S.D.N.Y. Jan. 20, 2012) (citing 42 U.S.C. § 233(a))). FSHCAA "deeming" protection is extended to "public or nonprofit private entities that receive certain federal health funds, submit an annual application to HHS, meet certain criteria, and obtain annual approval by the Secretary of HHS." *Friedenberg*, 2018 WL 11352363, at *2 (citing 42 U.S.C. § 233(g), (h)).

14. "The FSHCAA sets out detailed rules and procedures for 'deeming' an entity (i.e., health center) or individual to be a PHS employee. . . . [H]ealth centers apply to HHS annually for themselves and their employees, and HHS determines whether they are deemed to be an employee of the PHS." *Huynh*, 2021 WL 2268889, at *2 (citing 42 U.S.C. §§ 233(g)(1)(D)-(E)). "HHS advises the applicant of its determination in a 'deeming notice.'" *Huynh*, 2021 WL 2268889, at *2. HHS-approved "deeming" status applies to the upcoming calendar year. *See Friedenberg*, 2018 WL 11352363, at *2 (citing 42 U.S.C. § 233(g)(1)(A), (E)) ("Upon approval of the required application, the Secretary of HHS 'deems' these entities and their employees to be employees of the PHS for the upcoming calendar year.").

15. After "HHS deems an entity or individual a Public Health Service employee, this determination 'shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding.'" *Rosenblatt*, 2012 WL 294518, at *4 (citing 42 U.S.C. § 233(g)(1)(F))). "Once deemed a PHS employee, the entity and covered individuals enjoy certain procedural protections in litigation." *Huynh*, 2021 WL 2268889, at *3.

16. HHS issued Deeming Notices on 1) August 26, 2019 with a coverage period from January 1, 2020 through December 31, 2020, and on 2) September 18, 2020 with coverage from January 1, 2021 through December 31, 2021. These Deeming Notices confirmed that LifeLong is deemed to be a PHS employee for purposes of the FTCA and FSHCAA. *See* Ex. 4. The Removed Action asserts claims against LifeLong related to a data security incident that allegedly compromised patient medical records in November of 2020. *See* Ex. 1. Accordingly, the claims against LifeLong arose within the deeming coverage period.

### 3. "Deemed" Entities' Right to Removal

17. A federally funded community health center facing a state court suit asserting claims

that "fall under the FTCA through the FSHCAA" must notify the appropriate agency – in this case, HHS – of the filing of the action and provide a copy of the relevant pleadings. *See McDaniel*, 2019 WL 1989234, at *3; *Estate of Booker v. Greater Philadelphia Health Action, Inc.*, 10 F. Supp. 3d 656, 665 (E.D. Penn. 2014); 28 C.F.R. § 15.2. The agency is then directed to notify the United States Attorney for the district embracing the court in which the lawsuit was filed. 28 C.F.R. § 15.2.

18. Within 15 days after being notified that a complaint has been filed in state court against a Deemed Entity, the Attorney General "shall make an appearance in such court **_and advise such court_** as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding [emphasis added]" 42 USC § 233(l)(1).

19. In the event the Attorney General fails to appear in court within 15 days, "upon petition of any entity ... named, the civil action or proceeding shall be removed to the appropriate United States district court." 42 USC § 233(l)(2). Additionally, the "civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination." *Id.*

### 4. *Removal is Proper Pursuant to 42 U.S.C. § 233.*

20. On **March 10, 2023**, LifeLong notified HHS, as well as the Acting United States Attorney for the Northern District of California, of the State Court Action as required under HHS regulations and consistent with HHS guidance. *See* Ex. 3.

21. The United States Attorney for the Northern District of California, acting pursuant to 42 U.S.C. § 233(1)(1), filed an appearance in the Superior Court on **March 27, 2023** and advised the Superior Court that the United States had not yet determined whether LifeLong was deemed to be a Public Health Service employer for purposes of the alleged acts or omissions giving rise to the suit. *See* Ex. 5.

22. Nearly nine months later, the United States Attorney advised the Superior Court on **December 21, 2023** that it had determined that LifeLong was deemed not a Public Health Service

1  employee for purposes of the alleged acts or omissions giving rise to this suit and the United States
2  will not intervene in this action nor move to substitute itself in LifeLong's stead as a party defendant.
3  *See* Ex. 6.

4  23.  Where the United States Attorney General timely files an appearance pursuant 42
5  U.S.C. § 233(1)(1), but fails to issue a determination within 15 days after being notified of the civil
6  action, the Ninth Circuit holds that "the district court's jurisdiction is properly invoked **only after**
7  the Attorney General has had an opportunity to determine whether the defendant is deemed a federal
8  officer [emphasis added]." *Sherman v. Sinha*, 843 F. App'x 870, 873 (9th Cir. 2021).

9  24.  Furthermore, removal under § 233(*l*)(2) is not constrained by the standard 30-day
10 time limit on removal, and may occur at any time prior to the trial of the action. *See Estate of Booker*,
11 10 F. Supp. 3d at 665 ("The fact that § 233(*l*)(2) was added to a statutory scheme in which suits
12 against health centers were removable at any time before trial provides a basis to infer that Congress
13 intended the same time frame to govern removals by the health centers themselves."); 28 U.S.C.A.
14 § 2679(d)(1) ("shall be removed without bond at any time before trial....").

15 25.  Here, the United States Attorney filed a notice with the Court on December 21, 2023
16 notifying the Court and the parties that it made a determination that LifeLong is not deemed a federal
17 officer with respect to the Removed Action. Accordingly pursuant to 42 U.S.C. § 233(1)(1) and
18 Ninth Circuit precedent in *Sherman*, removal is now appropriate.

19  **B.    Federal Officer Removal: 28 U.S.C. § 1442**

20 26.  "[T]he Federal Officer Removal statute as set forth in 28 U.S.C. § 1442(a)(1), [ ]
21 'authorizes removal of a civil action brought against any person acting under an officer of the United
22 States for or relating to any act under color of such office.'" *Kruse v. Actuant Corp.*, Case No. 2:19-
23 cv-09540-ODW (RAOx), 2020 WL 3287883, at *3 (C.D. Cal. June 18, 2020) (*quoting Leite v.
24 Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014)). "Unlike removal pursuant to 28 U.S.C. § 1441,
25 the Supreme Court has 'mandated a generous interpretation of the federal officer removal statute.'"
26 *Cratin v. Sandiford*, Case No. 14-CV-03374-LHK, 2014 WL 5454691, at *2 (N.D. Cal. Oct. 27,
27 2014) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006)). "The right
28 of removal under § 1442 is 'absolute.'" *Cratin*, 2014 WL 5454691, at *2 (*quoting Durham*, 445

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

F.3d at 1252. Therefore, as the U.S. Court of Appeals for the Ninth Circuit has stated, "[s]ection 1442 is to be 'interpreted broadly in favor of removal.'" *Perez v. Consol. Tribal Health Project*, Case No. 12-5403-SC, 2013 WL 1191242, at *2-3 (N.D. Cal. Mar. 21, 2013) (*quoting Durham*, 445 F.3d 1247 at 1252). Thus, Section 1442(a)(1) removal "is not subject to the well-pleaded complaint rule." *Kruse*, 2020 WL 3287883, at *3 (*citing Durham*, 445 F.3d at 1252).

27. Importantly, a defendant removing under Section 1442(a)(1) "may remove an entire action unilaterally, without the consent of other defendants." *Kruse*, 2020 WL 3287883, at *3 (*citing Durham*, 445 F.3d at 1252). Thus, unlike removal on the basis of diversity, a Deemed Entity need not include a statement in the Notice of Removal confirming the consent of other defendants or explaining their lack of consent. *Id.*

28. "A party seeking removal under section 1442 must demonstrate that **(a)** it is a 'person' within the meaning of the statute; **(b)** there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and **(c)** it can assert a 'colorable federal defense.'" *Perez*, 2013 WL 1191242, at *2. With respect to a "colorable" federal defense, "the removing defendant need not show that the defense is meritorious, but that there is a legitimate question of federal law to be decided regarding the validity of the defense." *Kruse*, 2020 WL 3287883, at *3 (*citing Mesa v. California*, 489 U.S. 121, 129 (1989)).

### 1. *Removal is Proper Pursuant to* **28 U.S.C. § 1442**

29. In the instant matter, the three requirements for Federal Officer Removal under 28 U.S.C. § 1442 are met. *See Perez*, 2013 WL 1191242, at *2.

30. First, as a non-profit public benefit corporation and community health center, LifeLong is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). See *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992) (determining that a corporation can qualify as a "person" under § 1442(a)(1)).

31. Second, there is a causal nexus between LifeLong's actions taken pursuant to a federal officer's directions and plaintiff's claims. Plaintiff alleges that, in violation of California state law, LifeLong failed to ensure the confidentiality of her patient records—records that relate to and document the medical services she received from LifeLong. *See* Ex.1. "The FSHCAA was

enacted in 1992 to reduce costs for health centers serving medically underserved populations." *Huynh*, 2021 WL 2268889, at *2 n.4. The HHS grant was issued to LifeLong to support the provision of general health services, such as medical, dental, and behavioral health services to underserved communities, such as those provided to Plaintiff here. *See* Ex. 4; *Perez*, 2013 WL 1191242, at *3.

32. Third, LifeLong asserts a "colorable federal defense" through, as set forth below, its assertion of § 233(a) immunity. *See e.g., Fung* (determining defendant "satisfied the final requirement of removal under § 1442(a)(1) by asserting the government contractor immunity as a colorable federal defense").

33. Under § 233(a), immunity applies to "damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or *related functions* . . . ." 42 U.S.C. § 233(a) (emphasis added). Consistent with the foregoing, federal courts have long recognized that § 233(a) immunity "is not limited to claims for medical malpractice" and instead extends to claims which arise from functions **related** to the provision of medical care. *Teresa T. v. Ragaglia*, 154 F. Supp. 2d 290, 299-300 (D. Conn. 2001). *See also Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000) ("Cuoco asserts that § 233(a) provides immunity only from medical malpractice claims. But there is nothing in the language of § 233(a) to support that conclusion."); *Z.B. ex rel. Next Friend v. Ammonoosuc Cmty. Health Servs., Inc.*, Case No. CIV. 03-540 (NH), Civ. 04-34-P-S (ME), 2004 WL 1571988, at *3 (D. Me., June 13, 2004) (report and recommendation adopted *sub nom*. *Z.B. ex rel. Kilmer v. Ammonoosuc Cmty. Health Servs., Inc.*, Case No. CIV. 04-34-P-S, 2004 WL 1925538 (D. Me. Aug. 31, 2004) (holding that alleged failure to report domestic abuse in connection with home health visits subject to § 233(a) immunity as such "negligence is 'related to' the provision of medical services because the duty to report arises out of the employees' status as medical professionals."); *Pinzon v. Mendocino Coast Clinics Inc.*, Case No. 14-CV-05504-JST, 2015 WL 4967257, at *3 (N.D. Cal., Aug. 20, 2015) (holding that plaintiff's claims for violation of the Americans with Disabilities Act, the Civil Rights Act of 1964, and the Health Insurance Portability and Accountability Act of 1996 were covered by § 233(a) immunity because the remedy against the United States provided thereby is "'exclusive of any other civil action or proceeding by reason of

the same subject-matter' against the employee").

34. As this Court has held, the term "related functions" as used in § 233(a) includes administrative or operational activities that relate to the provision of medical, dental, or surgical healthcare. *See, e.g., C. K. v. United States*, Case No. 19-CV-2492 TWR (RBB), 2020 WL 6684921, at *6 (S.D. Cal., Nov. 12, 2020) ("administrative or operational duties could qualify as related functions where they were connected to the provision of medical care").

35. Maintaining medical records for patients receiving health care and ensuring the confidentiality of such records is a core administrative and operational function of providing healthcare and is thus a "medical ... or related function" within the meaning of 42 U.S.C. § 233(a). *Mele v. Hill Health Ctr.*, Case No. 3:06CV455 (SRU), 2008 WL 160226, *2-4 (D. Conn., Jan. 8, 2008).

36. Maintaining the confidentiality of health records is a legally mandated function of providing health care under both state and federal law. With respect to federal law, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") requires that healthcare providers maintain patient health records and disclose such records only with patient authorization (45 C.F.R. § 164.502) or "for treatment, payment, or health care operations" (45 C.F.R. § 164.506), and requires maintenance of administrative, physical, and technical safeguards for electronic patient health records to guard against unauthorized access or disclosure (45 C.F.R. § 164.302 et seq.). Likewise, the CMIA, the statute under which Plaintiff sues here, requires that health care providers who maintain patient medical records take steps to ensure the confidentiality of such records and disclose them only for authorized purposes. Civ. Code §56.10, § 56.101. Furthermore, the statute which governs the federal health center program, and which renders health centers eligible for § 233(a) immunity, requires the center to have, among other things, "an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records." 42 U.S.C. § 254b(b)(1)–(2), (k)(3)(C).

37. Consistent with the foregoing, federal courts have determined that § 233(a) immunity applies to alleged breaches of patient confidentiality, such as those alleged here. For example, in *Mele v. Hill Health Ctr.*, the district court held that allegations the defendant improperly disclosed

the plaintiff's medical records in violation of medical confidentiality laws fell within the "related functions" covered by §233(a). Case No. 3:06CV455 (SRU), 2008 WL 160226, *2-4 (D. Conn., Jan. 8, 2008). As the court explained, the "claims concern the medical functions of providing treatment and the related function of ensuring the privacy of patient medical information. Thus, the claims are covered by section 233(a)." *Id.* at *3.

38. The court in *Kezer v. Penobscot Cmty. Health Ctr.,* Case No. 15-cv-225-JAW, 2019 BL 141566 (D. Me. Mar. 21, 2019), similarly held that an alleged breach of patient confidentiality fell within the scope of § 233(a) immunity, as "the [p]laintiffs' claim arose when the [d]efendants, who are all medical providers, fa[iled] to comply with their ongoing professional duty to keep Ms. Kezer's medical records confidential while performing health care services." *Id.*, at *6. In *Kezer*, the court determined that courts must look to state law to determine whether an alleged breach of confidentiality by a medical professional is covered by § 233(a). Finding that a breach of patient confidentiality is among the class of cases considered medical negligence under state law, the court had no trouble concluding that plaintiff's claims were related functions covered by § 233(a). *Id.* Notably, this Court cited *Kezer* approvingly in rejecting the Department of Justice's argument that § 233(a) did not embrace a health center employee's alleged failure to report suspected sexual abuse. *See C.K.*, 2020 WL 6684921, at *6 ("As in *Kezer*, applicable state law supports a medical malpractice claim,....") (J. Robinson).

39. Other courts have likewise found that § 233 immunity applies to the alleged breaches of medical confidentiality. *See Logan v. St. Charles Health Council, Inc.*, Case No. 1:06CV00039, 2006 WL 1149214, at *1–3 (W.D. Va., May 1, 2006) (holding that FTCA embraces claims for breach of privacy statute, though § 233(a) did not apply in that case because plaintiff's claims implicated employer/employee relationship, rather than patient/medical professional relationship); *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, Case No. 17-CV-7325 (NSR), 2018 WL 2976024, at *1 (S.D.N.Y. June 12, 2018) (claim alleging that employee of defendant inappropriately accessed plaintiff's medical records and disclosed information to people who knew plaintiff must be dismissed for failure to file administrative claim as required by FTCA).Plaintiff alleges that " Defendant is a healthcare provider that provides medical, dental, and social services

to its patients. When Plaintiffs and similarly situated patients receive medical treatment from Defendant with certain personal information. This personal information includes the patient's names, Social Security number, date of birth, patient cardholder number, insurance information, and other medical information related to their medical condition, diagnosis, and treatment. *See* Ex. 1, ¶ 43, 44.

40. Plaintiff additionally alleges that on August 9, 2021, LifeLong determined that unauthorized users had accessed and/or acquired certain patients' PII and PHI from Netgain Technology, LLC's[2] network on our around November 24, 2020, including individuals' full names, social security numbers, date of birth, patient cardholder number, and/or treatment/diagnosis information. (the "Data Breach"). Plaintiff alleges that the exact number of affected patients is presently unknow, based upon information and belief at least 115,448 patients have been affected by the Data Breach. *See* Ex. 1, ¶ 2, 3.

41. Plaintiff asserts seven causes of actions against LifeLong, including notably violations of Civ. Code § 56.10 and § 56.101 of the CMIA by disclosing Plaintiff's medical information without Plaintiff's authorization or an exemption, and negligently storing Plaintiff's medical information in such a way that it was accessed by an unauthorized third party. *See* Ex. 1, ¶¶86-97. Plaintiff also notably asserts a claim under the Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*, based upon the alleged violations of the CMIA. *See* Ex. 1, ¶¶155-165.

42. California courts have made clear that the alleged failure of a healthcare provider to maintain the confidentiality of medical records in violation of §56.10 of the CMIA – the precise claim asserted here – constitutes a claim for professional negligence under California law. *See, e.g., Francies v. Kapla*, 127 Cal. App. 4th 1381, 1386, fn. 11, (2005) as modified (Apr. 8, 2005) (holding that claim for unauthorized disclosure of medical records in violation of CMIA is subject to cap on noneconomic damages under Medical Injury Compensation Reform Act); Civ. Code, § 3333.2 (MICRA applies to "any action for injury against a health care provider based on professional negligence."). Because Plaintiffs alleges that LifeLong negligently stored and/or shared Plaintiff's

---

[2] Netgain Technology LLC is a third-part vendor that provides IT services to LifeLong.

medical information, acquired in the course of the provider/patient relationship and in connection with the provision of healthcare services, in violation of § 56.10 and § 56.101 of the CMIA, the claims asserted against LifeLong fall squarely within the claims covered by § 233(g).

      **2.     *Removal Pursuant to* 28 U.S.C. § 1442 *is Timely Pursuant to* 28 U.S.C. § 1446.**

43.     28 U.S.C 1446(b) that that "if the case stated by the initial pleading is not removable," a defendant may remove within thirty days of receiving a subsequent paper from which it may first be ascertained that the matter is or has become removable. *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 69 (1st Cir. 2014).

44.     When removability is not clear from the initial pleading, Section 1446(b)(3) then looks to the plaintiffs' subsequent papers. Specifically, "Section 1446(b)(3) applies when the defendant receives a copy of an amended pleading, motion, order **<u>or other paper from which it may first be ascertained that the case is one which is or has become removable</u>**." *Romulus* at 74.

45.     Here, while the Consolidated Complaint contains only state law claims against LifeLong and thus was not clearly removable, the case became removable pursuant to 42 U.S.C. § 233(l)(1) and Ninth Circuit precedent in *Sherman* upon the United States Attorney's filing on December 21, 2023 that it had determined not to substitute in the United States for LifeLong on that date. Additionally, as discussed *supra*, LifeLong was prejudiced by the Attorney General's delay of approximately 9 months for the Attorney General to make a determination. As this is a court of equity, this Court should allow removal pursuant to 28 U.S.C. § 1442 thirty days from when the United States Attorney General first made a determination that LifeLong was not deemed a Public Health Service employee on December 21, 2023.

46.     Accordingly, since this Notice of Removal has been filed within thirty days of the United States Attorney's notice "from which it may first be ascertained that the case is one which is or has become removable," this Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

/ / /

/ / /

/ / /

47. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed in the Superior Court of the State of California, County of San Diego, and served upon Plaintiff.

DATED: January 19, 2024                         WOOD, SMITH, HENNING & BERMAN LLP


By:  /s/ Alicia Kennon
       ALICIA KENNON
Attorneys for Defendant, LIFELONG MEDICAL CARE, a California corporation

## PROOF OF SERVICE

**Cowan, et al. v. Lifelong Medical Care**
**Case No. 21CV000478**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 10960 Wilshire Boulevard, 18th Floor, Los Angeles, CA 90024-3804.

On January 19, 2024, I served the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331, 1442 AND 42 U.S.C. § 233(1)(2)** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dkimble@wshbmail.com to the persons at the electronic notification address listed in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 19, 2024, at Los Angeles, California.

_DKimble_
Dianna Kimble

---

31010621.1:11019-0061

-15-

Case No. _____

NOTICE OF REMOVAL OF ACTION

**SERVICE LIST**
**Margolies v. Lifelong Medical Care**
**Case No. RG21113030**

**VIA E-MAIL:**

Abbas Kazerounian, Esq.
Mona Amini, Esq.
Kazerouni Law Group, APC
245 Fischer Ave.
Unit D1
Costa Mesa, CA 92626
Tel: (800) 400-6808 / Fax: (800) 520-5523
E-mail: ak@kazlg.com
         mona@kazlg.com
**Attorneys for Plaintiff NOEM MARGOLIES; and the Proposed Class**

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
10960 WILSHIRE BOULEVARD, 18TH FLOOR
LOS ANGELES, CALIFORNIA 90024-3804
TELEPHONE 310-481-7600 ♦ FAX 310-481-7650

31010621.1:11019-0061                -16-                Case No. _____
NOTICE OF REMOVAL OF ACTION