**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Mona Amini (SBN 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HAMMONDLAW, P.C.**
JULIAN HAMMOND (SBN 268489)
jhammond@hammondlawpc.com
POLINA BRANDLER (SBN 269086)
pbrandler@hammondlawpc.com
ARI CHERNIAK (SBN 290071)
acherniak@hammondlaw.com
1201 Pacific Ave., Suite 600
Tacoma, WA 98402
(310) 601-6766
(310) 295-2385 (Fax)

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE LIFELONG MEDICAL CARE DATA BREACH LITIGATION** | Case No. 3:24-cv-00340-VC<br>Assigned to: Hon. Vince Chhabria<br><br>**JOINT REQUEST FOR DISMISSAL OF ACTION WITH PREJUDICE AS TO PLAINTIFFS' INDIVIDUAL CLAIMS AND WITHOUT PREJUDICE AS TO THE PUTATIVE CLASS; AND [~~PROPOSED~~] ORDER** |

**TO THIS COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs NOEM MARGOLIES, HERMAN COWAN and MARY SCOTT ("Plaintiffs"), and LIFELONG MEDICAL CARE ("Defendant"), by and through their respective counsel of record, hereby jointly request dismissal of this action with prejudice as to Plaintiffs' individual claims and without prejudice as to the putative class claims, with each party to bear their own attorneys' fees and costs. The dismissal of Plaintiff's individual claims will not in any way be prejudicial to the putative Class members; and as such, notice of this dismissal need not be provided to the putative Class.

Courts that have reviewed pre-certification settlements analyze three factors in assessing potential prejudice to putative class members: (1) "class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances;" (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations;" and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989), 876 F.2d at 1408. *See also Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 U.S. Dist. LEXIS 4338, at *10 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, No. 13-cv-04567-JD, 2014 U.S. Dist. LEXIS 145556, at *5 (N.D. Cal. Oct. 10, 2014). Considering these factors, dismissal of this action is appropriate based on the following:

First, there is no evidence that putative class members know of, or have relied on, the filing of this action. Plaintiffs have not engaged in any publicity with regards to this action and the action has not generated media attention beyond websites that contain notices of filed cases.

Second, no prejudice will result from this dismissal where putative class members would not be prevented from filing their own suit. *See e.g.*, *Karcauskas v. Regreso Fin. Servs. LLC*, No. 2:15-cv-09225-FMO-RAOx, 2018 U.S. Dist. LEXIS 238281, at *8 (C.D. Cal. Mar. 1, 2018) (court dismissing individual and class claims without notice to putative class members because "[n]either concession nor settlement of class claims is being made and this settlement will not affect any other pending cases or any right to bring an action by any putative class member").

Third, Plaintiffs are seeking to dismiss only their individual claims with prejudice. The dismissal will be without prejudice as to the putative class. Thus, there is not a settlement or concession of class interests in the furthering of Plaintiffs' interests, as individual putative class members continue to retain the right to pursue claims against Defendant. *Houston v. Cintas Corp.*, 2009 WL 921627, at *2 (N.D. Cal. Apr. 3, 2009)("[T]he parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members.")

Further, as to the collusive or prejudicial concern put forth by the court in *Diaz*, it further noted that "[a]bsent any indication that *these* plaintiffs actually appended class allegations in an attempt to get favorable individual settlements, there is no reason to require notice here as a deterrent to hypothetical abusive plaintiffs." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1409 (9th Cir. 1989). Plaintiffs originally filed this matter as a class action and there was no attempt to "append" class allegations to obtain a favorable individual settlement.

Based on the above, the three factors in this matter do not implicate the purposes underlying the notice requirement of Fed. R. Civ. P. r. 23(e) in a pre-certification dismissal.  Accordingly, the parties respectfully request that this action be dismissed with prejudice as to Plaintiffs' individual claims and without prejudice as to the putative class claims, without requiring that notice be sent to the class, and with each party to bear their own attorneys' fees and costs.

Respectfully submitted,

Dated: January 13, 2025    **Kazerouni Law Group, APC**

By: ____/s/ Mona Amini_____
Abbas Kazerouni
Mona Amini

**HammondLaw PC**
Julian Hammond
Christina Tusan
Ari Cherniak

*Attorneys for Plaintiffs*

Dated: January 13, 2025    **Wood, Smith, Henning & Berman LLP**

By: ____/s/ Christopher J. Seusing_____
Christopher J. Seusing
Sean Patel

*Attorneys for Defendant*

# [PROPOSED] ORDER

The Court, having reviewed the Parties' Request for Dismissal and good cause appearing, orders as follows:

1. This case is dismissed with prejudice as to Plaintiffs' individual claims only;
2. The claims of the putative class members are dismissed without prejudice;
3. Notice of this dismissal need not be provided to the putative Class; and
4. The parties shall bear their own attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: January 14, 2025

_____
HON. VINCE CHHABRIA
U.S. DISTRICT JUDGE